UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,         :

                         :

        v.                   :      **<u>MEMORANDUM & ORDER</u>**
                         :      18-CR-337-4 (WFK)

ANTHONY LICATA a/k/a Anthony Suits,  :

                         :

            Defendant.     :
-------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 16, 2019, Anthony Licata ("Defendant") pled guilty to Count Six of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to time served, one (1) year of supervised release, and a $100 mandatory special assessment.

## BACKGROUND

On August 1, 2018, the Government filed a 34-count Superseding Indictment. Superseding Indictment, ECF No. 48. On May 16, 2019, Defendant pled guilty to Count Six of the Superseding Indictment, charging Defendant with extortionate collection of credit conspiracy in violation of 18 U.S.C. § 894(a)(1), pursuant to a plea agreement. ECF No. 165.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.    Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II.   Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on January 26, 1969 in Brooklyn, New York, to the marital union of Guiseppi Licata and Grace Licata, both of whom reside in Fort Lauderdale, Florida and are in good health. Presentence Investigation Report ("PSR") ¶ 136, ECF No. 171. Defendant has a very close and loving relationship with both parents. *Id.* ¶ 138. Defendant's parents are aware of his current conviction and remain supportive. *Id.* ¶ 137. Defendant described an unremarkable childhood, free from any abuse. *Id.* ¶ 138.

Defendant has one sibling, Francis Gaudio, who suffers from multiple sclerosis and resides in Brooklyn with her husband and three children. *Id.* ¶ 137. Defendant has a good relationship with his sister, who is aware of his current conviction and remains supportive. *Id.*

Defendant married Christine Licata in 1994 in Queens, New York. *Id.* ¶ 139. Together, Mrs. Licata and Defendant have three sons, who reside with their parents and are in good health. *Id.* Defendant's eldest son is twenty-four and recently admitted to law school. *Id.*; Def.'s Sentencing Mem. ("Def. Mem.") at 11, ECF No. 197. His middle son is twenty-one and employed as a construction worker. PSR ¶ 139. Defendant's youngest son is fourteen and is in school. *Id.* Defendant's wife describes Defendant as a loving father whose "first priority is his family." Def. Mem. Attach. 1 at 5, ECF No. 197-1; *see also* PSR ¶ 140. Mrs. Licata's statements are corroborated by the over twenty letters of support from family, friends, clergy, and organizations for which Defendant has volunteered. Def. Mem. Attach. 1.

From birth until 1997, Defendant resided in Brooklyn. PSR ¶ 141. He is reported to have resided in Delhi, New York for a time. *Id.* Since 1997, Defendant has primarily resided in Brooklyn. *Id.* In approximately 2017, Defendant purchased a condominium in Fort Lauderdale, Florida and stays there when he visits his parents every other month. *Id.*

In 2012, Defendant was injured at a construction site and suffered nerve damage to his neck and left arm. *Id.* ¶ 145. Defendant also suffers from high blood pressure and an enlarged prostate. *Id.* ¶ 144. Defendant has no history of mental or emotional health problems and has no substance abuse history. *Id.* ¶¶ 147–48.

Defendant was allegedly a soldier within the Gambino crime family. *Id.* ¶ 17. For the instant crime, in March 2017, Defendant and a co-defendant approached John Doe #1 and used threats of economic harm to collect payment of a debt. *Id.* ¶ 55; U.S. Probation Department Sentence Recommendation ("Probation Mem.") at 2, ECF No. 171-1. There was no physical harm. PSR ¶ 55; Probation Mem. at 2. Defendant was arrested on July 11, 2018 at John F. Kennedy Airport in Queens, NY. PSR ¶ 54. Defendant was arraigned on the Indictment on July

11, 2018. ECF No. 20. Defendant was arraigned on the Superseding Indictment on August 7, 2018. ECF No. 50.

On January 7, 2019, Defendant was released on a $1,500,000.00 bond. ECF No. 115. On May 16, 2019, Defendant pled guilty to Count Six of the Superseding Indictment: Racketeering Extortion Collection of Credit Conspiracy in violation of 18 U.S.C. § 894(a)(1). ECF No. 165; PSR ¶ 56. Defendant stipulated and agreed his conduct in the instant offense more properly established the elements of extortion by threat than extortionate extension of credit. PSR ¶ 56; Def. Mem. at 3; Gov't Sentencing Mem. ("Gov't Mem.") at 1–5, ECF No. 199.

## B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count Six of the Superseding Indictment charging him with Extortionate Collection of Credit Conspiracy in violation of 18 U.S.C. § 894(a)(1). ECF No.

165; PSR ¶ 56. By statute, Defendant faces a maximum term of imprisonment of twenty years and a maximum term of supervised release of three years. 18 U.S.C. §§ 894(a)(1), 3583(b)(2). Defendant also faces a maximum fine of $250,000.00, *id.* § 3571(b), and a mandatory special assessment of $100.00, *id.* § 3013. Defendant may be sentenced to a term of probation of not less than one year nor more than five years. *Id.* § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. *Id.* 3563(a)(2).

## D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A). The parties dispute the Guidelines range calculation applicable to Defendant in that they dispute Defendant's criminal history category.

Based on the representations of counsel at the sentencing hearing, all the parties agree the applicable offense level is 12. All parties agree, pursuant to § 1B1.2, although Defendant pled guilty to Extortionate Collection of Credit Conspiracy, the applicable offense guideline is § 2B3.2 because the conduct committed by Defendant was more akin to extortion by threat. PSR ¶ 56; Def. Mem. at 3; Gov't Mem. at 3. Guidelines § 2B3.2(a) provides a base offense level of 18. United States Sentencing Commission, Guidelines Manual ("USSG") § USSG § 2B3.2(a). The parties also agree a three-level reduction is appropriate pursuant to USSG § 2X1.1(b)(2) because the offense of conviction is a conspiracy and neither Defendant nor his co-conspirator "completed all the acts . . . believed necessary on their part for the successful completion of the substantive offense [and] the circumstances do not demonstrate that [Licata] was about to

complete all such acts but for apprehension or interruption by some similar event beyond such person's control." § 2X1.1(b)(2); PSR § 117 (as amended by the Second Addendum to PSR, ECF No. 200); Def. Mem. at 4; Gov't Mem. at 3. This provides a subtotal adjusted offense level of 15. PSR ¶ 121 (as amended by the Second Addendum to PSR). The parties further agree a two-level reduction is warranted pursuant to USSG § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility for the offense. PSR ¶ 123; Def. Mem. 2–3; Gov't Mem. at 3. A further a one-level reduction is appropriate under USSG § 2K2.0 pursuant to the global resolution. Def. Mem. at 3; Gov't Mem. at 3. Accordingly, all parties agree the total Adjusted Offense Level is 12. PSR ¶ 171 (as amended by the Second Addendum to PSR); Def. Mem. at 3; Gov't Mem. at 3.

Defendant and the Government agree Defendant's criminal history category is II because Defendant's two prior federal convictions should be treated as one conviction pursuant to USSG § 4A1.2(2). Def. Mem at 5–8; Gov't Mem. at 3–4.

An offense level of 12 and a criminal history category of II yields a Guidelines term of imprisonment range of 12 to 18 months. USSG Ch. 5, Part A. The Guidelines further recommend a term of supervised release between one and three years, *id.* § 5D1.2(a)(2), and a fine of between $5,500.00 and $55,000.00, *id.* § 5E1.2(c)(3). The Guidelines advise Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

## F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As counsel noted during the sentencing hearing, it is extraordinary for the conduct pled to by Defendant to result in a federal criminal case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

## G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution shall be ordered in this case. 18 U.S.C. § 3663. However, the Government has not yet provided probation with the specific restitution owed to John Doe #1. PSR ¶ 167. At an appropriate time, the Court will resolve the outstanding restitution requirement.

## CONCLUSION

A sentence of time served, one (1) year of supervised release, and a $100 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2020
       Brooklyn, New York